UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEYLEN M. DUNN,

    Petitioner,

v.

PATRICK COVELLO,

    Respondent.

Case No. 21-cv-09036-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also paid the filing fee and consented to the jurisdiction of a Magistrate Judge. (dkts. 4, 7.)

## BACKGROUND

Petitioner was convicted after a jury trial of second-degree murder with a knife and second degree robbery. *People v. Dunn*, A155981, 2021 WL 973386, at *1 (Cal. Ct. App. Mar. 16, 2021). The California Court of Appeal affirmed the judgment. *Id*. at *1. The California Supreme Court denied review. (dkt. 1 at 3.)

## DISCUSSION

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief, Petitioner alleges that: (1) the trial court erred by denying his motion for diversion from prison with mental health services pursuant to a new California law; and (2) the trial court failed to instruct on lesser included offenses. However, Petitioner also includes fourteen handwritten pages, though it is not clear if these are additional claims or support for the two claims above. He also includes his petition to the California Supreme Court that includes six claims. Ultimately, it is not clear what claims Petitioner seeks to present in this federal petition. The petition is dismissed with leave to amend.

In an amended petition, Petitioner must set forth on one page each claim in a numbered list such that his claims can be readily identified. Then he may provide further discussion of the claims in subsequent pages. Petitioner can only proceed with claims that have been exhausted by being presented to the California Supreme Court. Petitioner is also informed that the first claim regarding the denial of the motion for diversion fails to state a federal claim. Habeas relief is not available for an alleged state law error. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law). Petitioner should not include this claim in an amended petition.

**CONCLUSION**

1.  The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this order and the words **AMENDED PETITION** on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

2.  Petitioner must keep the court informed of any change of address and must comply

1   with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this

2   action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v.*

3   *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

4   **IT IS SO ORDERED.**

5   Dated: March 25, 2022

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California