UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYLEN M. DUNN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PATRICK COVELLO,<br><br>　　　　　Respondent. | Case No. 21-cv-09036-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend, and Petitioner filed an amended petition. (dkt. 13).

It was not clear from the original petition what claims Petitioner sought to present in this federal petition. He was ordered to set forth on one page each claim in a numbered list such that his claims can be readily identified. Then he could provide further discussion of the claims in subsequent pages. Petitioner has not followed these instructions. He lists three claims and then refers the court to fifteen handwritten pages from a prior filing. However, the nature of each claim is not clear from that prior filing.

The amended petition is dismissed with leave to amend and Petitioner may file a second amended petition. He must set forth on one page each claim in a numbered list such that his claims can be readily identified. Then he may provide further discussion of the claims in subsequent pages. This case will only continue on claims that are properly listed and described as set forth herein. Petitioner is again informed that he can only proceed with claims that have been exhausted by being presented to the California Supreme Court.

For the foregoing reasons:

1. The amended petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended petition must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this Order and must include the words **SECOND AMENDED PETITION** on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

2. Petitioner must keep the court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 17, 2022

ROBERT M. ILLMAN
United States Magistrate Judge