UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEYLEN M. DUNN,

    Petitioner,

v.

PATRICK COVELLO,

    Respondent.

Case No. 21-cv-09036-RMI

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The amended petition was dismissed with leave to amend and Petitioner filed a second amended petition. (dkt. 17)

## BACKGROUND

Petitioner was convicted after a jury trial of second-degree murder with a knife and second degree robbery. *People v. Dunn*, A155981, 2021 WL 973386, at *1 (Cal. Ct. App. Mar. 16, 2021). The California Court of Appeal affirmed the judgment. *Id*. at *1. The California Supreme Court denied review. (dkt. 1 at 3.)

## DISCUSSION

### 1. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner, who is in state custody pursuant to a judgment of a state court,

must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases; 28 U.S.C. foll. § 2254. "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) (internal quotation marks omitted)).

### 2. Legal Claims

As grounds for federal habeas relief, Petitioner alleges that: (1)/(2) the trial court erred by failing to provide a jury instruction for the lesser included offense of involuntary manslaughter; (3) he was prevented from presenting a defense of involuntary manslaughter; (4) the trial court failed to provide a pinpoint jury instruction and, (5)/(6) the trial court erred in admitting certain evidence or prior crimes. Liberally construed, these claims are sufficient to require a response.

## CONCLUSION

The Clerk of Court shall serve, by electronic mail, a copy of this order and a Magistrate Judge Jurisdiction consent form on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The Clerk also shall serve a copy of this order on Petitioner by regular mail. Respondent can view the Petition on the electronic docket (dkt. 17).

Respondent shall file with the court and serve on Petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file, with the Answer, and serve on Petitioner, a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, it is due fifty-six (56) days from the date that this order is entered. If a motion is filed, Petitioner shall file with the court, and serve on Respondent, an

3

opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the court, and serve on Petitioner, a reply within fourteen (14) days of receipt of any opposition.

Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases)

**IT IS SO ORDERED.**

Dated: November 2, 2022

ROBERT M. ILLMAN
United States Magistrate Judge