UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYLEN M. DUNN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PATRICK COVELLO, Warden,<br><br>　　　　Respondent. | Case No. 21-cv-09036-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING; AND GRANTING HIM EXTENSION OF TIME TO FILE TRAVERSE** |

Petitioner has requested the appointment of counsel and an evidentiary hearing. Dkts. 32, 33.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A (a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due

process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965). At this juncture, it is not apparent that the appointment of counsel is warranted on any of the grounds set forth above. Accordingly, the interests of justice do not require appointment of counsel, and petitioner's request is DENIED. Dkt. 33.

There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e). Petitioner's claims do not rely upon extra-record evidence and a factual basis exists in the record to determine the claims. If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. *See Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000).

For these reasons, petitioner's requests for the appointment of counsel[1] and an evidentiary hearing are DENIED. Dkts. 32, 33.

Petitioner's traverse was due on June 5, 2023, and, to date, petitioner has not filed a traverse. The Court *sua sponte* GRANTS petitioner an extension of time to file his traverse. The time in which petitioner shall file his traverse will be extended up to and including **sixty (60) days** from the date of this Order. Should petitioner fail to file a traverse, the petition will be deemed submitted on the date the traverse is due.

This Order terminates Docket Nos. 32 and 33.

IT IS SO ORDERED.

Dated: June 21, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] The denial of petitioner's request for appointment of counsel is without prejudice to the Court's *sua sponte* reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of petitioner's claims.